IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN A. M.,

    Plaintiff,

v.                                                                Civ. No. 23-612 GBW

FRANK BISIGNANO[1],
*Commissioner of the Social Security*
*Administration,*

    Defendant.

## ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO § 406(B)

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). *Doc. 25*. Plaintiff's counsel requests a fee award of $16,000.00. *Id.* at 1. The Commissioner takes no position. *Doc.* 27. Plaintiff's motion will be GRANTED for the reasons that follow.

### I.    Background

Plaintiff sought review of his denial of benefits in this Court on July 21, 2023. *Doc. 1*. On November 22, 2023, Plaintiff filed an opposed motion to remand to the agency. *Doc. 13*. On February 15, 2024, the Commissioner filed an unopposed motion for remand, stating that, upon review, a remand for further proceedings was warranted. *Doc. 19*. The Court granted the Commissioner's unopposed motion on February 16,

---

[1] Frank Bisignano is substituted as defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure ("the officer's successor is automatically substituted as party").

2024.  *Doc. 20*.  On April 25, 2024, the Court awarded Plaintiff $6,770.90 in attorney fees and reimbursement of the $402.00 filing fee pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *Doc. 23*.

On December 6, 2024, Plaintiff received a fully favorable decision on remand. *Doc. 25-1* at 1.  The Notice of Award stated Plaintiff would receive $123,885.00 for money owed through August 2025, $1,863.00 for September 2025, and $2,048.00 each month after.  *Id.* at 8.  All in all, Plaintiff's past-due award totaled $165,180.00.  *Doc. 25* at 4-5.  The notice also explained that the Social Security Administration withheld 25% of past-due benefits, or $41,295.00, to pay an appointed representative.  *Doc. 25-1.* at 10; *see also doc. 25* at 2.  Plaintiff's counsel now seeks an award of $16,000.  *Doc. 25* at 1.

## II.    Standard of Review

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[2]  Fees pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits.  *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  Fees for representation at administrative proceedings are governed by § 406(a), while § 406(b) governs fees for representation in court.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  "[E]ach authority sets fees for the work done before it; thus, the

---

[2] If an attorney receives awards under both the EAJA and § 406(b), the attorney must refund the smaller award to the claimant.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

Fee awards under § 406(b) are governed by two conditions: a 25% cap and a reasonableness standard. First, the Court may not award fees "in excess of 25 percent of the total past-due benefits" owed to Plaintiff as a result of the favorable judgment by the Agency. 42 U.S.C. § 406(b)(1)(A). This cap applies "only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Second, the Court may only award fees that are "reasonable." 42 U.S.C. § 406(b)(1)(A). Plaintiff's attorney has the burden of showing that, "[w]ithin the 25 percent boundary… the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Although the standard for fee awards under § 406(b) does not "displace contingent-fee agreements," the Court's review of fee arrangements serves as an "independent check[] to assure that [these arrangements] yield reasonable results in particular cases." *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808 (citations omitted). The Court may therefore consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to

3

the amount of time counsel spent on the case. *Id.*; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010).

### III.   Analysis

The requested fee of $16,000 is less than 25% of Plaintiff's total past-due benefits, the threshold permitted by § 406(b). *Doc. 25* at 5. The requested fee is also less than the 25% provided by the contingent fee contract between Plaintiff and Plaintiff's counsel. *See doc. 25-1* at 16; *doc. 25* at 5. The Court therefore turns to the *Gisbrecht* factors to assess whether the requested fee is reasonable. *See* 535 U.S. at 808.

First, the Court does not find that the representation was substandard in any way; Plaintiff's counsel obtained a favorable outcome resulting in a past-due benefits award of $165,180.00 and continued monthly benefits of $2,048.00. *Doc. 25* at 5. Second, the attorney was not responsible for any undue delay causing benefits to accrue. *See Gisbrecht*, 535 U.S. at 808. Although Plaintiff requested one thirty-day extension of time to file the motion for remand, *doc. 11*, the delay was reasonable and minimal, particularly considering the lengthy timespan covered by the past-due benefits. Additionally, Plaintiff's counsel filed the request for attorney fees only 45 days after Plaintiff received his awards of past-due benefits. *See doc. 25-1* at 7; *McGraw*, 450 F.3d at 505 ("A motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.").

4

The Court must carefully consider the third factor: whether the award is disproportionate to the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808. Counsel states that she spent 26.3 hours working on Plaintiff's case, *doc. 25-1* at 14, which equates to an hourly rate of $608.37 per hour. That rate is in line with other fee awards authorized in this District. *See id.* at 6-7 (collecting cases); *Baca v. Bisignano*, 2025 U.S. Dist. LEXIS 147375, at *9 (D.N.M. Jul. 30, 2025) (awarding an hourly rate of $670); *Audry R. v. Colvin*, U.S. Dist. LEXIS 224434, at *4 (D.N.M. Dec. 11, 2024) (awarding an hourly rate of $537.30); *Maldonado v. Kijakazi*, 2023 U.S. Dist. LEXIS 158508, at *8 (D.N.M. Sep. 6, 2023) (awarding an hourly rate of $636.70); *Threadgill v. Berryhill*, 2019 U.S. Dist. LEXIS 63425, at *5 (D.N.M. Apr. 4, 2019) (awarding an hourly rate of $746.00).

Plaintiff's counsel represents that she has "represented over three hundred fifty Social Security cases before this Court" and has been practicing law for over 8 years. *Doc. 25* at 6; *doc. 25-1* at 17. She is a member of the National Organization of Social Security Claimant's Representatives, focuses exclusively on social security cases, and has a remand or immediate benefits rate of over 80%. *Doc. 25-1* at 18. Counsel's wealth of experience and the favorable outcome reached in this case evince the reasonableness of the fee award requested.

Taking all the relevant factors into consideration, the Court finds that the requested award is proportionate to the time spent on the case and should be approved.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (*doc. 25*) is GRANTED, and the Court hereby authorizes an award of $16,000.000 in attorney fees, to be paid to Plaintiff's attorney by the agency from the funds withheld for this purpose.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the fee of **$6,770.90** awarded under the EAJA pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**